## GOLDMAN v. SHREVE.

(Circuit Court of Appeals, Third Circuit. February 17, 1920.)

### No. 2467.

BANKRUPTCY ⬧212—BAILOR, RECLAIMING PROPERTY FROM TRUSTEE, REQUIRED TO REPAY AMOUNTS PAID BY BAILEE.

Where the bailor of a printing press, which it was contemplated, would be ultimately purchased by the bailee, shipped it on a bill of lading, requiring the bailee to pay $1,000 and the freight before it could obtain possession, and failed to include parts necessary to make a completely workable press, it would not be permitted to reclaim the press from the bailee's trustee in bankruptcy without repaying the amounts paid by the bailee.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Proceeding by M. D. Goldman against Lyman C. Shreve, trustee in bankruptcy of the Herald Lithographing Company. From a decree granting insufficient relief, the petitioner appeals. Affirmed.

⬧For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Isaac Hassler, of Philadelphia, Pa., for appellant.

Shreve & Shreve and Brooks, English & Quinn, all of Erie, Pa., for appellee.

Before BUFFINGTON, WOOLLEY, and HAIGHT, Circuit Judges.

BUFFINGTON, Circuit Judge. In this case the greater part of a printing press had been delivered by Goldman, the appellant, to the Herald Lithographing Company, in pursuance of a written contract, which the court below held to be a bailment, and which further provided for a purchase of the press by the Lithographing Company, on the payment of a certain sum. Such purchase price not having been paid when the latter went into bankruptcy, Goldman petitioned the court for the return of his press. The court granted his prayer, but coupled the return with the condition that Goldman pay to the trustee $1,000, which the Herald Company paid to Goldman when the parts of the press were delivered, and $121.20 freight and assembling expenses. The trustee did not appeal from the adjudging by the court that the press was delivered as a bailment, and Goldman's appeal questions the court's holding, in so far only as it required Goldman to pay the above $1,121.20 to the trustee as a condition of return.

The undisputed facts are that the purpose both parties had in view was the ultimate purchase by the Herald Company from Goldman of a printing press, and to effectuate that purpose and secure the purchase money, or the return of the press to Goldman, the written contract, which, as we have said, the court below held to be a bailment, was entered into. Had the press been in working order and capable of delivery as a whole, or had Goldman delivered all the parts required to assemble the machine in working order, no question would probably have arisen in this case, for in such event, the trustee having in his hands, as a bailment, the assembled and workable machine, he would have been bound either to pay the purchase money contemplated or return the assembled workable machine. It was on the assumption that such was the situation and that he himself was not in default, that Goldman presented his petition.

But, unfortunately for him, such is not the real situation. Goldman did not ship all the parts of the machine necessary to complete it. Such parts as he did send, he shipped on a bill of lading which required the Herald Company to pay $1,000, and the freight, before it could get the closed boxes in which the machine parts were. When the company tried, as was its obligation, to assemble and put the machine in workable order, it was found that it could not be done, by reason of Goldman's failure to deliver certain essential parts. The money and freight were paid by the company with the belief that Goldman had shipped complete parts for the press. These parts Goldman has never furnished, and the purchaser has never been able to put the press in workable order, by reason of the absence of these parts which Goldman failed to originally send or thereafter supply. The uncontradicted proof is that—

"The press was the whole plant. When that press could not be operated, the plant shut down."

Under these facts it would be manifestly improper to allow Goldman, who is in default, to get back his incomplete press, when the Herald Company was in no default, has acted in good faith, and was prevented from getting the workable press the parties both had in view solely and wholly by Goldman's failure to furnish the parts he was bound to do. His petition was presented on the assumption that he had fulfilled what he had undertaken to do. The proofs show that he had not. Clearly the court below was right in holding that, when he sought to get back such parts of an uncompleted machine, he must restore to the Herald Company the money it had expended on the assumption that he would do what he agreed to do, but has never done, to wit, furnish the parts necessary to make a complete, workable press.

The decree of the court below is affirmed.